| THE STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HAMPTON | ) | |
| | ) | C.A. No. 2020-CP-25- |
| RODNEY DUBOSE AND EBONY DUBOSE, | ) ) | |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) | **SUMMONS** |
| P.B. EXPRESS, INC., JARRED FOSTER CASEY, AND JOHN DOE, | ) ) ) | |
| DEFENDANTS. | ) ) | |

**TO THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the Plaintiffs' attorney, Courtney Gilchrist, Esquire, on behalf of Farah & Farah, P.A. located at 4355 Coral Park Drive, Brunswick, Georgia 31520, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in said Complaint.

              **FARAH & FARAH, P.A.**

              *s/Courtney Gilchrist, Esquire*
              **Courtney Gilchrist, Esquire**
              **South Carolina Bar No. 102954**
              **4355 Coral Park Drive**
              **Brunswick, Georgia 31520**
              **P:(912) 266-8699**
              **F:(843) 266-8699**
              **ATTORNEY FOR PLAINTIFFS**

**December , 2020**
**Hampton, South Carolina**

| | |
|---|---|
| THE STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF HAMPTON ) | |
| ) | C.A. No. 2020-CP-25- |
| RODNEY DUBOSE AND EBONY ) | |
| DUBOSE, ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| P. B. EXPRESS, INC., JARRED FOSTER ) | |
| CASEY, AND JOHN DOE, ) | |
| DEFENDANTS. ) | |
| ) | |

**NOW COME** Plaintiffs, above-named, complaining of the negligent and/or reckless acts and/or omissions of the Defendants, P. B. Express, Inc., Jarred Foster Casey, and John Doe above-named, and do allege and show unto this Honorable Court as follows:

## PARTIES AND JURISDICTION

1. That the subject matter hereof, and all matters and things hereinafter alleged are within the jurisdiction of this Honorable Court.

2. Plaintiff Rodney DuBose was at the time of the automobile collision and remains a resident of 7382 Wood Duck Road, Jacksonville, Florida 32244.

3. Plaintiff Ebony DuBose, was at the time of the automobile collision and remains a resident of 7382 Wood Duck Road, Jacksonville, Florida 32244.

4. Upon information and belief, Defendant P. B. Express, Inc., was at the time of the collision, and at all times material hereto, a corporation organized and existing under the law of Ohio, duly authorized to conduct business, and headquartered, in the State of Ohio.

5. Upon information and belief, Defendant Jarred Foster Casey is a resident of 1825 Grove Point Road, Apt. 624, Savannah, Georgia 31419 and may be served with process at said residence and/or a new place of residency if applicable.

6. Upon information and belief, Defendant Jarred Foster Casey is the owner the 2007 TR PTRB bearing license plate number PWG6009 which was operated by him at the time of the automobile collision.

7. Upon information and belief, Defendant P. B. Express, Inc. was the owner of the cargo, freight, and/or trailer being transported by Defendant Jarred Foster Casey at the time of the collision.

8. Upon information and belief, Defendant John Doe, whose true name is unknown, may have been the owner of the cargo, freight, and/or trailer, domiciled and/or operating under the laws of one of the United States of America that participated in the transporting of the cargo, freight, and/or trailer being transported by Defendant Jarred Foster Case. Defendant John Doe is named pursuant to 10(a)(1), South Carolina Rules of Civil Procedure. Plaintiffs will amend this pleading when his/her/its true name is discovered.

9. Upon information and belief, Defendant Jarred Foster Casey was an officer, agent, servant, dispatcher and/or employee of Defendant P. B. Express, Inc. and/or Defendant John Doe. And was at all times herein complained of acting within the course and scope of his relationship with P. B. Express, Inc. and or John Doe. Therefore, the doctrine of *Respondea Superior* applies to the company/corporate Defendant(s).

10. This action arises from an automobile collision which occurred on or about March 20, 2018, in Hampton County, in the State of South Carolina.

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

11. This Court has *In Personam Jurisdiction* over the parties and the subject matter of this action. Venue is proper before this Court.

## FACTUAL BACKGROUND

12. Plaintiffs hereby incorporate by reference paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. On or about March 20, 2018, at approximately 5:40 A.M., Plaintiff Rodney DuBose was driving a 2017 SU Toyota, license plate number CGI6098 (hereinafter "Plaintiff Vehicle"), in the middle northbound lane, on Highway I-95 ("Highway I-95 North"), in or near the City of Yemassee, in Hampton County, in the State of South Carolina.

14. That upon information and belief, Plaintiff Rodney DuBose properly, dutifully, and safely drove Plaintiff Vehicle on Highway I-95 North in a manner that was at all times dutifully, safely, and appropriately traveling in the proper lane and proper direction at a safe and lawful rate of speed.

15. At the same time, Plaintiff Ebony DuBose was a restrained front seat passenger in the Plaintiff Vehicle.

16. At the location the incident described herein occurred on Highway I-95 is a six-lane road with three lanes proceeding southbound, three lanes proceeding northbound, with a median separating these opposing lanes of travel.

17. Upon information and belief, at the same time and place, Plaintiff Rodney DuBose was driving Plaintiff Vehicle in the middle northbound lane of I-95, Defendant Jarred Foster Casey was operating a 2007 TR PTRB owned by Defendant Jarred Foster Casey (hereinafter "Defendant Vehicle") which was dispatched for P. B. Express, Inc and/or John Doe. Defendant Jarred Foster

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

Casey drove Defendant Vehicle while attempting to avoid a deer on I-95 South and ran off of the road.

18.     While Defendant Jarred Foster Casey was attempting to avoid the deer, he caused Defendant Vehicle to overturn in front of Plaintiff Vehicle. This resulted in Plaintiff Vehicle colliding into Defendant Vehicle.

19.     Upon information and belief, Defendant Jarred Foster Casey negligently, recklessly, heedlessly, wantonly, and/or willfully overcorrected at a rate greater than which was lawful and/or safe for the conditions; failed to pay proper attention to the traffic conditions ahead of him while driving the Defendant Vehicle; was distracted by events taking place inside the Defendant Vehicle; and/or was inattentive to the changing road conditions directly in front of him on Highway I-95 North, and as a result of these and/or other acts or omissions, violently causing Plaintiff Vehicle to strike Defendant Vehicle.

20.     Defendant Jarred Foster Casey, did violently, suddenly and without any warning nor provocation forcefully cause Plaintiff Vehicle to collide into Defendant Vehicle, thereby causing Plaintiffs' to sustain severe injuries.

21.     Plaintiffs Rodney DuBose and Ebony DuBose filed a claim for their bodily injuries and property damages which they sustained from this automobile collision on March 20, 2018, near the City of Yemassee, County of Hampton, in the State of State of South Carolina.

## FOR A FIRST CAUSE OF ACTION
**(Negligence)**

22.     Plaintiffs hereby incorporate by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     It was the duty of Defendant Jarred Foster Casey to safely operate the Defendant Vehicle and not to carelessly or negligently cause injury or damage to others lawfully using the

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

highways and or public/private roads located within the State of South Carolina.

24.     On March 20, 2018, at or about 5:40 A.M, Plaintiffs, Rodney DuBose and Ebony DuBose, were the restrained driver and front seat passenger of a vehicle which was operating in a lawful and prudent manner traveling northbound on Highway I-95, located in the County of Hampton, State of South Carolina. While Plaintiffs were traveling, the Defendant Jarred Foster Casey was traveling in the Defendant Vehicle and overcorrected causing Defendant Vehicle to overturn in front of Plaintiff Vehicle. Defendant Vehicle overturning resulted in Plaintiff Vehicle colliding into the Defendant Vehicle without any warning or provocation.

25.     At such time and place as above mentioned, Defendant Jarred Foster Casey heedlessly and with reckless disregard of the rights of Plaintiffs, operated and managed the Defendant Vehicle in a manner that he did not observe or attempt to observe where he was driving and failed to properly maintain the Defendant Vehicle, knowing that such failure might and/or could result in danger, damage, and injury to him and the Plaintiffs.

26.     Upon information and belief, Defendant Jarred Foster Casey failed to maintain proper lookout and disregarded the flow of traffic resulting in the Plaintiff Vehicle colliding into the Defendant Vehicle with great violence, inflicting on the Plaintiffs serious injuries.

27.     The automobile collision on March 20, 2018 and Plaintiffs' injuries arising therefrom were the direct and proximate result of Defendant P. B. Express, Inc., Defendant Jarred Foster Casey, and/or Defendant John Doe actions.

28.     Defendant P. B. Express, Inc., Defendant Jarred Foster Casey, and/or Defendant John Doe were, individually, jointly, and in combination of, at the time and place above mentioned, negligent, grossly negligent, wanton, willful, and careless in one or more of the following particulars:

a.  In failing to keep a proper lookout for others, when failing to do so, the Defendant Jarred Foster Casey knew, or should have known, would result in damage to others, particularly Plaintiffs;

b.  In Defendant Jarred Foster Casey failing to keep Defendant Vehicle under proper control at all times;

c.  In Defendant Jarred Foster Casey failing to devote his full attention to the highway he was traveling on and to the operation of the Defendant Vehicle, when he knew, or should have known, that failure to do so would result in damage to others upon said roadway, and more particularly, to Plaintiffs;

d.  In Defendant Jarred Foster Casey failing to take evasive action in order to avoid colliding with the Plaintiff Vehicle;

e.  In Defendant Jarred Foster Casey failing to operate the Defendant Vehicle and drive at a reasonable speed with oncoming traffic for others lawfully using the highways and public roads;

f.  In Defendant Jarred Foster Casey failing to maintain a reasonable and safe traveling distance between the Defendant Vehicle and the Plaintiff Vehicle;

g.  In Defendant Jarred Foster Casey failing to take reasonable and proper precautions to avoid colliding with the Plaintiff Vehicle when the exercise of ordinary care on Defendant Jarred Foster Casey's part could have avoided the collision;

h.  In Defendant Jarred Foster Casey not being mentally and physically alert to the impending dangers;

i.  In Defendant Jarred Foster Casey failing to properly swerve or change the course of the Defendant Vehicle, when it was apparent, or should have been apparent by the exercise of due care that a catastrophe was inevitable;

j.  In Defendant Jarred Foster Casey operating the Defendant Vehicle while driving too fast for weather conditions;

k.  In Defendant Jarred Foster Casey failing to ensure the Defendant Vehicle was properly maintained in a manner to allow safe operation, thereof; and if so, in failing to operate the Defendant Vehicle in a prudent manner;

l.  In Defendant Jarred Foster Casey disregarding the flow of traffic; and

m.  In Defendant Jarred Foster Casey failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing. Therefore, the acts and/or

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

omissions of Defendant Jarred Foster Casey were negligent and/or reckless, and were, individually, jointly, and in combination of, all of which was the direct and proximate cause of the damages and injuries suffered by the Plaintiffs herein, said acts being in violation of the statutory and common laws of the State of South Carolina.

29.    As a direct and proximate result of each of the careless and negligent acts committed by Defendant Jarred Foster Casey, the Plaintiff Vehicle was caused to come into direct and violent contact with the Defendant Vehicle, and as a direct and proximate result of such violent contact, each of the Plaintiffs were thrown against different parts of the Plaintiff Vehicle, sustaining serious injuries in the process.

30.    As a direct and proximate result of this incident, each of the Plaintiffs were seriously injured, both internally and externally, from the aforesaid collision, all of which has and will in the future cause each of the Plaintiffs to undergo much physical pain and suffering, has and may in the future cause each of the Plaintiffs to incur significant expenses for reasonable and necessary medical treatment and services, has and will in the future cause each of the Plaintiffs to suffer trauma, anxiety, annoyance, whole body impairment, inconvenience, and travel - all to Plaintiffs' general damage and detriment.

31.    As a direct and proximate result of the accident, each of the Plaintiffs were caused to suffer severe physical injuries, past and future pain and suffering, loss of enjoyment of life, as well as lost wages and medical expenses.

## FOR A SECOND CAUSE OF ACTION
### (Vicarious Liability)

32.    Plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    Upon information and belief, at the time of this collision, the Defendant Vehicle being operated by Defendant Jarred Foster Casey which he is the rightful owner.

34. Upon information and belief, Defendant Jarred Foster Casey was dispatched to act on behalf of Defendant P. B. Express, Inc. and/or Defendant John Doe by delivering cargo, fright, and/or a trailer for Defendant P. B. Express, Inc. and/or Defendant John Doe.

35. Upon information and belief, Defendant Jarred Foster Casey was dispatched to act on behalf of Defendant P. B. Express, Inc. and/or Defendant John Doe to deliver and/or retrieving a load for P. B. Express, Inc. and/or John Doe.

36. Upon information and belief, at the time of the collision, Defendant Jarred Foster Casey was acting in the course and scope of his employment with P. B. Express, Inc. and/or John Doe as a dispatcher and/or apparent agent. Therefore, Defendant P. B. Express and/or Defendant John Doe is/are liable to Plaintiffs under the doctrine of *Respondeat Superior*, agency or apparent agency.

### FOR A THIRD CAUSE OF ACTION
### (Negligent Hiring and/or Supervision)

37. Plaintiffs hereby incorporate by reference paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all times material to this cause of action, if Defendant P. B. Express, Inc. and/or Defendant John Doe contend that Defendant Jarred Foster Casey was not acting in the course and scope of his employment with P. B. Express, Inc. and/or John Doe, then the Defendant P. B. Express, Inc. and/or Defendant John Doe is/are liable to Plaintiffs due to its negligent entrustment to Defendant Jarred Foster Casey.

39. Upon information and belief, Defendant P. B. Express, Inc. and/or Defendant John Doe, is/are negligent individually, jointly, and in combination of, at the time and place above mentioned in one or more of the following particulars for Defendant Jarred Foster Casey:

   a) In failing to adequately and properly hire/dispatch fit and qualified

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

employees and/or contractors to work for the company;

b) In failing to adequately and properly hire/dispatch, train, and retain employees and/or contractors;

c) In failing to adequately and properly supervise employees and/or contractors acting on behalf of the company;

d) In failing to adequately and properly instruct and supervise employees and/or contractors as to the employee's driving habits and driving practices;

e) In failing to provide its employees and/or contractors with proper policies and procedures regarding the safe operations of motor vehicles while employees were using such motor vehicles in furtherance of company business;

f) In failing to ensure that employees and/or contractors follow policies and procedures regarding the safe operation of motor vehicle while employees were using such motor vehicles in furtherance of company business;

g) In allowing employees and/or contractors to operate motor vehicles negligently per se in violation of statutes made and provided by the State of South Carolina, for the safe operation of motor vehicles upon the highways of this state;

h) In failing to act as a reasonably prudent company or corporation would act under the same or similar circumstances;

i) In such other and further particulars as the evidence at trial may show; and/or

j) In placing an unproperly equipped vehicle on the roadways of South Carolina.

### FOR A FOURTH CAUSE OF ACTION
**(Loss of Consortium)**

40. Plaintiffs hereby incorporate by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiffs Rodney DuBose and Ebony DuBose are and were at all times relevant herein the lawful spouse of each other.

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

42.     Before suffering the aforementioned injuries as the direct result of the Defendants negligence and/or recklessness, Plaintiffs Rodney DuBose and Ebony DuBose, were able to and did perform their marital duties, including but not limited to maintaining the marital home, providing love, companionship, affection, income, society, sexual relations, and emotional and moral support for each other.

43.     As the direct and proximate result of the injuries and decline in overall health suffered by each of the Plaintiffs as a result of the collision, Plaintiffs Rodney DuBose and Ebony DuBose are no longer capable to fulfill all their marital duties to each other. Each of the Plaintiffs assert a loss of consortium as a result of their automobile collision, including but not limited to the following: loss of love, affection, society, companionship, support, comfort, solace, guidance, and other spousal benefits they previously enjoyed with each other prior to the time of the injuries suffered as a direct and proximate result of the automobile collision, which was solely and proximately caused by Defendants.

44.     Plaintiffs Rodney DuBose and Ebony DuBose therefore been deprived of, and may be deprived permanently of each other's consortium and are each entitled to judgement against the Defendants, for actual damages, punitive damages, for the cost of this action, for pre-judgment interest on all special damages, for post-judgment interest if applicable and for all such further relief as this Court deems just and appropriate.

**WHEREFORE**, Plaintiffs Rodney DuBose and Ebony DuBose pray for judgment against the Defendants, P. B. Express, Inc., Jarred Foster Casey, and John Doe in the following:

1. For past, present and future medical expenses.
2. For compensation for actual, incidental, consequential damages, and punitive damages;
3. For punitive damages in an amount necessary to deter and punish Defendants;

ELECTRONICALLY FILED - 2020 Dec 16 5:01 PM - HAMPTON - COMMON PLEAS - CASE#2020CP2500506

4. Awarding costs, expenses, reasonable attorney's fees, interest, and disbursement of this action;

5. Awarding such other and further relief as this Court may deem just and proper; and

6. Plaintiffs further demand a trial by jury of all issues triable as of right by a jury.

Respectfully submitted,

**FARAH & FARAH, P.A.**

*s/Courtney Gilchrist, Esquire*
**Courtney Gilchrist, Esquire**
**South Carolina Bar No. 102954**
**4355 Coral Park Drive**
**Brunswick, Georgia 31520**
**P:(912) 266-8699**
**F:(843) 266-8699**
**ATTORNEY FOR PLAINTIFFS**

**Hampton, South Carolina**

**December , 2020**